**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OREGON WILD and SIERRA CLUB,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>KENT CONNAUGHTON, Regional Forester, Pacific Northwest Region and UNITED STATES FOREST SERVICE,<br><br>Defendants - Appellees,<br><br>MT. ASHLAND ASSOCIATION, DBA Ski Ashland,<br><br>Intervenor-Defendant - Appellee. | No. 12-35845<br><br>D.C. No. 1:05-cv-03004-PA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted May 15, 2014
Portland, Oregon

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

The district court did not abuse its discretion in dissolving the injunction it

had issued in accordance with *Oregon Natural Resources Council Fund (ONRC) v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Goodman*, 505 F.3d 884, 898 (9th Cir. 2007). *See N. Alaska Envtl. Ctr. v. Lujan*, 961 F.2d 886, 889 (9th Cir. 1992).

I.

The district court did not abuse its discretion in finding that the Forest Service achieved the injunction's objective, *see Horne v. Flores*, 557 U.S. 433, 450 (2009), by classifying all Landslide Hazard Zone 2 (LHZ 2) land as Riparian Reserve and subjecting the reclassified land to the scrutiny required by the Rogue River Land Resource Management Plan (LRMP), the Northwest Forest Plan (NWFP), and the National Forest Management Act (NFMA). The 2011 Final Supplemental Environmental Impact Statement (SFEIS) and Supplemental Record of Decision (SROD), which re-approved the MASA expansion, analyzed the project in light of the LHZ 2 reclassification, considering the degree of increase to vegetation clearing and grading within Riparian Reserves and the decrease in forested landcover. In any event, the Forest Service's decision was not arbitrary or capricious, *see League of Wilderness Defenders Blue Mountains Biodiversity Project v. Allen*, 615 F.3d 1122, 1130 (9th Cir. 2010), because (1) "[a]lthough there is an increase in acres classified as Riparian Reserves, standards and guidelines would continue to be met because of the design of the proposed expansion facilities"; and (2) the addition of the remaining LHZ 2 land to Riparian

Reserves would not "affect the attainment of Aquatic Conservation Strategy Objectives."

To the extent Oregon Wild and the Sierra Club raised arguments regarding the Riparian Reserve lands as a whole, the district court did not abuse its discretion, *see 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), in declining to consider them, because they pertained to the entire Riparian Reserve classification rather than only the portion of LHZ 2 land that the Forest Service was required to reclassify as Riparian Reserve. *Flores*, 557 U.S. at 450 (noting that the injunction in question provides the scope of review when considering whether to dissolve it). To the extent Oregon Wild and the Sierra Club argued that the Forest Service failed to subject LHZ-2 lands to the proper scrutiny once they were reclassified as Riparian Reserves, any error on the part of the district court in failing to reach these arguments was harmless, because (1) the analysis associated with the MASA expansion project appropriately considered the NWFP's Aquatic Conservation Strategy, as identified in the 2011 SROD; and (2) the Forest Service did not improperly rely on mitigation as a substitute for preventing habitat degradation, as the project was designed with the NWFP's Standard WR-3 in mind, and mitigation measures were implemented to *further*

minimize the expansion project's effect on Riparian Reserves, including the LHZ 2 zones that are now designated as Riparian Reserve.

## II.

The district court did not abuse its discretion in finding that the Forest Service also achieved the injunction's objective regarding Restricted Watershed lands. The *ONRC* court clarified that 35 acres of Restricted Watershed could not be treated as Developed Recreation without a specific plan amendment. 505 F.3d at 896. The Forest Service responded to this critique in the 2011 FSEIS and SROD by properly including those 35 acres within a 74-acre "activity area" classified as Restricted Watershed, which amounted to "the total developed area of impact . . . for ski area expansion with the Upper Ashland Creek watershed."[1] In addition, the Forest Service analyzed the associated impact of the expansion project within the activity area to ensure consistency with Restricted Watershed Management

---

[1]Oregon Wild and the Sierra Club claim that the "activity area" should only include the 35 acres referenced in the first appeal, which would put the project out of compliance with MS 22 standards. We reject this argument, because (1) we defer to the Forest Service's interpretation of "activity area" in its forest plan, *see Native Ecosystems Council v. U.S. Forest Serv.*, 418 F.3d 953, 960 (9th Cir. 2005); (2) the Forest Service had not previously defined the "activity area," so this does not represent an impermissible change of position, *see Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 57 (1983); and (3) the definition of Restricted Watershed in the Rogue River LRMP specifically includes the Ashland Watershed as a Restricted Watershed area.

Strategy (MS) 22 in the Rogue River LRMP, including detrimental soil exposure and mineral soil exposure requirements. It found that "the project would meet all standards and guidelines for MS 22." In this respect too, the Forest Service's decision to continue the project is not arbitrary or capricious, as it complied with applicable forest plans and therefore the NMFA. *See League of Wilderness Defenders Blue Mountains Biodiversity Project*, 615 F.3d at 1130.

**AFFIRMED**.